UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIMBERLY BONNELL, individually and as Special Administrator to the ESTATE OF MARY HAYDUCKA; NELSON HAYDUCKA, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CABO AZUL RESORT, a timeshare resort; owned by PACIFIC MONARCH RESORT, INC., which is a registered foreign corporation in the State of Nevada, doing business in Nevada; RESORT,<br><br>Defendants. | 2:08-CV-00910-PMP-LRL<br><br>**ORDER** |

Before the Court for consideration is Defendant's fully briefed Motion to Dismiss Based Upon the Doctrine of Forum Non Conveniens, and Motion to Establish Choice of Law (Doc. #28). The Court conducted a hearing on Defendant's Motion on August 3, 2010.

The Court finds that the issues raised in Defendant's Motion are premature and must await the completion of discovery in this case. Additionally, the Court's ultimate determination regarding choice-of-law will have a significant impact on the question of whether Defendant's Motion to Dismiss on the Doctrine of Forum Non Conveniens. Nonetheless, preliminary discussion of choice-of- law factors may be helpful to the parties in this proceeding.

In <u>General Motors Corp. v. Eighth Judicial Dist. Ct. of State of Nev. ex rel. County of Clark</u>, the Nevada Supreme Court adopted the Second Restatement's most significant relationship test for tort actions, "unless another, more specific section of the Second Restatement applies to the particular tort." 134 P.3d 111, 116 (Nev. 2006). The Second Restatement specifically addresses wrongful death and personal injury actions, pursuant to which, "the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied." Restatement Second of Conflicts of Law § 146; § 175. Pursuant to § 6, the Court should consider the following principles:

> (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied.

Restatement § 6. "These principles are not intended to be exclusive and no one principle is weighed more heavily than another." <u>General</u> <u>Motors Corp</u>, 134 P.3d at 117.

Here, the parties agree that the actual injury occurred in Mexico. Thus, the issue turns on whether Nevada has a more significant interest than Mexico in light of § 6 principles.

<u>(a) the needs of the interstate and international systems</u>

According to the Comments following the Restatement § 6, "[c]hoice-of-law rules, among other things, should seek to further harmonious relations between states and to facilitate commercial intercourse between them."

Applying Nevada law would potentially hinder commercial intercourse between Mexico and Nevada if one was to assume that there exists a causal link between Mexico's duty of care standard and the corporate decision to do business there.  The parties do not specifically address this principle, and without evidence supporting such an assumption, this factor has little relevance to the Court's analysis.

### (b) the relevant policies of the forum

With respect to Nevada's interest, the relevant inquiry is whether the purposes sought to be achieved by Nevada's negligence and wrongful death laws would by furthered by its application to out-of-state facts.  Apart from the fact that Nevada is the location of the action, Nevada has an interest in protecting the rights of its citizens to recover adequate compensation for the wrongful death of their relatives in foreign lands.

Here, the family bringing the action is domiciled in Nevada, and Decedent was domiciled in Nevada.  Additionally, Defendant Pacific Monarch Resort Inc. ("PMRI") contacted Decedent and her boyfriend to inquire about their interest in the new resort in Cabo.  Decedent and her boyfriend subsequently upgraded their time Share Agreement in order to visit the new resort in Cabo.  Thus, the relationship that resulted in Decedent and her boyfriend going to Cabo Azul Resort arose in Nevada.

### (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue

According to the Comments following the Restatement § 6, generally, "it is fitting that the state whose interests are most deeply affected should have its local law applied."  Additionally, "[t]he content of the relevant local law rule of a state may be significant in determining whether this state is the state with the dominant interest."

///

Mexico has a legitimate interest in determining the consequences of actions taken by residents and corporations within its borders that cause injury. However, Mexico also has a general policy to limit the liability of its resident defendants in wrongful death actions. See Schoenberg v. Exportadora de Sal, S.A. de C.V., 930 F.2d 777, 783 (9th Cir. 1991). Thus, Mexico's interest in protecting its residents from what it may consider excessive liability to foreigners for actions occurring on Mexican soil is at odds with Nevada's interest in compensating its residents for their losses.

### (d) the protection of justified expectations

According to the Comments following the Restatement § 6, "it would be unfair and improper to hold a person liable under the local law of one state when he had justifiably molded his conduct to conform to the requirements of another state." However, "in the area of negligence, when parties act without giving thought to the legal consequences of their conduct or to the law that may be applied . . . the parties have no justified expectations to protect, and this factor can play no part in the decision of a choice-of-law question." Plaintiffs agree that the Court should apply relevant Mexican building codes to the property in question.

### (e) the basic policies underlying the particular field of law

According to the Comments to the Restatement § 6, "[t]his factor is of particular importance in situations where the policies of the interested states are largely the same but where there are nevertheless minor differences between their relevant local law rules." Because the parties do not specifically address this principle and it seems that Mexican and Nevada law may not have similar policies, this principle is not influential in the Court's analysis of this action.

///

///

<u>(f) certainty, predictability and uniformity of result</u>

The principle of certainty, predictability, and uniformity of result seems to yield the same types of conclusions as the consideration of the justified expectation principle. The injury occurred in Mexico and it is reasonable that the law where the injury occurred would apply.

<u>(g) ease in the determination and application of the law to be applied</u>

According to the Comments following the Restatement Second Conflicts of Law § 6, "[i]deally choice-of-law rules should be simple and easy to apply." However, "it is obviously of greater importance that choice-of-law rules lead to desirable results." Because the parties agree that Mexican building codes should apply, a legitimate question is presented whether it may be easier also to apply Mexican duty of care standards.

Although Nevada has not specifically addressed this issue, in applying the Restatement, courts that have been faced with a similar factual scenario as the one before this Court have found that other states had a more significant interest than the forum where the accident took place. <u>See</u> <u>Judge v. American Motors Corp.</u>, 908 F.2d 1565, 1566-1567, 1572 (11th Cir. 1990) (finding either Florida or Michigan law applied even though the decedent was killed in Mexico because none of the plaintiffs or defendants are Mexican residents and thus the application of Mexico's wrongful death rule would not further the economic purpose underlying the rule); <u>Kinnett v. Sky's West Parachute Center, Inc.</u>, 596 F. Supp. 1039, 1040 (D. Colo. 1984) (finding that Wyoming wrongful death law applied even though the plane crash occurred in Colorado because the decedent purchased a ticket in Wyoming from a corporation doing business there, for a trip that would begin and end in Wyoming); <u>Knoell v. Cerkvenik-Anderson Travel, Inc.</u>, 891 P.2d 861, 863, 867 (Ariz. App. 1994) (in a wrongful death action against a tour company where the

decedent died in Mexico, the court found Arizona law applied to the tort action because the defendant company was "headquartered in Arizona and doing business in Arizona and Mexico, and the alleged misrepresentations were made, the reservation was accepted, and money was paid in Arizona."  Additionally, the Court found Arizona had an interest in compensating its resident survivors); Trailways, Inc. v. Clark, 794 S.W.2d 479, 482, 486 (Tex. App. 1990) (in wrongful death action arising out of a Mexican bus accident, the court found Texas had a greater interest than Mexico because the relationship between the decedents and the defendants originated in Texas); Reich v. Purcell, 432 P.2d 727, 728, 731 (Cal. 1967) (in a wrongful death action arising out of a collision in Missouri, the court found California had a greater interest than Missouri because wrongful death actions are concerned with how survivors should be compensated and "[t]he state of the place of the wrong has little or no interest in such compensation."); but see Spinozzi v. ITT Sheraton Corp, 174 F.3d 842, 843-44, 845 (7th Cir. 1999) (court found Mexico law applied in negligence action where Illinois resident seriously injured himself in Mexico.  In so holding, the court reasoned that permitting each guest to carry with him the tort law of his state or country "would disserve the general welfare because it would mean that Mexican safety standards (insofar as they are influenced by tort suits) were being set by people having little stakes in those standards.").

        Here, many of the principles cut evenly between applying Nevada and Mexican law.  However, the court in Kinnett, Knoell, and Trailways found that the location where the relationship arose was a factor significant enough to tip the scales in favor of the decedent's forum state over the location of the injury.  Additionally, even though the court in Spinozzi found that advertising alone was not sufficient to overcome Mexico's interest in having the law where the injury occurred apply, here

///

the relationship between Plaintiff's and the Defendants is more significant than mere advertising.

In sum, the Court finds that it is premature to fully determine the choice-of-law questions posed in Defendant's Motion, or to finally resolve the forum non conveniens issue. Although Plaintiffs have provided affidavits regarding the nature of the relationship between the Decedent, her boyfriend, and Defendants, more discovery on the relationship between PMRI the corporation Plaintiffs dealt with in Nevada, and Cabo Azul Resort will be helpful in finally determining choice-of-law issues. So too will complete discovery concerning the relationship between Cabo Azul Resort and PMRI.

**IT IS THEREFORE ORDERED that** Defendant's Motion to Dismiss Based Upon the Doctrine of Forum Non Conveniens, and Motion to Establish Choice of Law (Doc. #28) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED that** the parties shall have to and including **September 20, 2010**, within which to file a joint discovery plan and scheduling order which will enable the parties to expeditiously proceed with discovery.

DATED: August 27, 2010.

_____
PHILIP M. PRO
United States District Judge